**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STEPHANIE RICHNER,<br><br>Plaintiffs,<br><br>v.<br><br>GERALD D. HINES, *et al.*,<br><br>Defendants. | Case No. 26-cv-2763 (JMC) |

**MEMORANDUM OPINION**

Plaintiff Stephanie Richner, proceeding *pro se*, has filed a 252-page complaint that asserts a variety of causes of action against at least 24 different named Defendants.[1] To the extent that the Court can decipher, she raises claims arising out of her landlord-tenant disputes, including claims under the federal Fair Housing Act, and District of Columbia statute and common law. *See* ECF 1.[2] For the reasons discussed below, the Court **DISMISSES** Plaintiff's complaint, and **DENIES** her pending motions as moot.

Pleadings filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even *pro se* litigants must comply with the Federal Rules of Civil Procedure. Rule 8(a)(2) requires civil

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

[2] Plaintiff appears to be under the impression that she is proceeding in this case pseudonymously, however, she has not moved to proceed under a pseudonym. *See, e.g.*, *Doe v. Fed. Republic of Germany*, 680 F. Supp. 3d 1, 4 (D.D.C. 2023) (noting that, "[g]enerally, a complaint must identify the plaintiffs," and a "party moving to proceed pseudonymously thus bears the weighty burden of both demonstrating a concrete need for such secrecy and identifying the consequences that would likely befall it if forced to proceed in its own name").

complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[A] complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material' will patently fail the Rule's standard." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). These requirements "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004).

Plaintiff's complaint is 252 pages long, It consists largely of unnumbered paragraphs—in violation of Rule 10(b)—and is highly discursive and repetitive. "Courts have often dismissed complaints that contain bloated and disorganized allegations such as this for violations of Rule 8." *Hoid v. Xinis*, No. 25-cv-3711, 2026 WL 25462, at *1 (D.D.C. Jan. 2, 2026), *aff'd*, No. 26-5018, 2026 WL 1584674 (D.C. Cir. June 3, 2026). Plaintiff "lists the dates and times of most every event associated with her" disputes with her landlord over the course of three years. *Nichols v. Holder*, 828 F. Supp. 2d 250, 253 (D.D.C. 2011). These issues are not "simply a matter of aesthetics." *Ciralsky*, 355 F.3d at 669. "Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Id.* And more concerningly, the caption of her complaint names 24 individual Defendants, including a variety of "shell" companies and "[f]oreign [s]overeign [d]efendants" but as to most of these individuals or entities, she does little to explain which defendants caused her harm or should be held liable under the theories articulated in her complaint. ECF 1 at 18, 20; *see Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) ("The purpose of the rule is to give fair notice of the claim being asserted so as to permit the adverse party the

opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable.").

Plaintiff's complaint is not entirely unclear. The Court *can* discern that Plaintiff seeks to bring claims against her immediate landlord for a wide variety of issues regarding the condition of her rental apartment and her landlord's treatment of her requested disability accommodations and complaints. She may also intend to assert other claims against other defendants. "This Court stands ready to adjudicate them, but it cannot decipher" the full scope of "[her] allegations in their present form," *Nichols*, 828 F. Supp. 2d at 253, nor does it believe that the complaint would give the "adverse part[ies] fair notice of the claim asserted so as to enable [them] to answer and prepare for trial." *Id.*

The Court will **DISMISS** the present complaint without prejudice. However, Plaintiff will have an opportunity to file an amended complaint that complies with Rule 8's requirement that the pleading contain "a short and plain statement of the claim showing that" she is "entitled to relief," Fed. R. Civ. P. 8(b)(2), and Rule 10's requirement that the party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b). Plaintiff shall file an amended complaint that cures these deficiencies, by **September 10, 2026**. If Plaintiff files an amended complaint that merely recycles the complaint presently before the Court it may be dismissed with prejudice. *Hamrick v. United States*, No. 10-cv-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010).

Finally, because the Court will dismiss Plaintiff's complaint, it also **DENIES** her pending motions, ECF 3, as moot.

A separate order accompanies this memorandum opinion.

**SO ORDERED.**

JIA M. COBB
United States District Judge

Date: August 11, 2026